**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 03-cr-00614-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  MIGUEL ARRIOLA,

    Defendant.

### FURTHER ORDER RE: MOTION FOR JAMES[1] HEARING

**Blackburn, J.**

This matter is before me again on defendant's **Motion For James Hearing** [#73] filed March 6, 2008. I deny the motion.

The chronology of relevant events is as follows. The motion was filed on March 6, 2008. The government's response [#77] was filed on March 20, 2008. I entered an **Order for *James* Proffer** [#88] on July 16, 2008. The government filed its *James* proffer [#91] on August 22, 2008. With my tacit approbation, the defendant filed a belated **Defendant's Response to *James* Proffer** [#95] out of time on February 26, 2009. Finally, the government filed its reply [#97] on March 19, 2009, to the defendant's antecedent response.

By Indictment [#1] filed December 16, 2003, defendant is charged as follows: in Count One with Conspiracy To Possess with Intent To Distribute and To Distribute Five Kilograms or More of Cocaine, 21 U.S.C. § 846; in Count Two with Conspiracy To

---

[1] So named for ***United States v. James***, 590 F.2d 575 (5th Cir. 1979).

Import into the United States Five Kilograms or More of Cocaine, 21 U.S.C. § 963; and in Count Three with Conspiracy To Commit Money Laundering, 18 U.S.C. § 1956(h).

Based on my review of the record, including the facts asserted or presented, reasons stated, arguments advances, and authorities cited by the parties in their relevant papers, I find and conclude as follows:

1. That via the government's *James* proffer, including its concomitant Exhibits 1 and 2, the defendant has fair notice of the putative coconspirator statements that the government may attempt to admit at trial under Fed.R.Evid. 801(d)(2)(E);

2. That via **Defendant's Response to *James* Proffer** [#95] filed on February 26, 2009, the government has fair notice of some of defendant's objections to the putative coconspirator statements that the government may attempt to admit at trial under Fed.R.Evid. 801(d)(2)(E);

3. That the court exercises its discretion not to hold a *James* hearing and not to rule on the government's *James* proffer, but instead, to require the government to present its evidence of the existence of the conspiracies charged in Count One, Two, and Three of the Indictment at trial before or contemporaneous with the government's attempted admission in evidence of any alleged coconspirator statement under Fed.R.Evid. 801(d)(2)(E), *see* Fed.R.Evid. 104(b);

4. That the defendant may object at trial to the attempted admission of a putative coconspirator statement under Fed.R.Evid. 801(d)(2)(E) on any grounds then available, including, but not limited to, any grounds stated by the defendant in **Defendant's Response to *James* Proffer** [#95].

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion For James Hearing** [#73] filed March 6, 2008, is denied;

2. That the government shall present its evidence of the existence of the conspiracies charged in Count One, Two, and Three of the Indictment at trial before or contemporaneous with the government's attempted admission in evidence of any alleged coconspirator statement under Fed.R.Evid, 801(d)(2)(E); and

3. That the defendant may object at trial to the attempted admission of a putative coconspirator statement under Fed.R.Evid. 801(d)(2)(E) on any ground then available, including, but not limited to, any ground stated by the defendant in **Defendant's Response to *James* Proffer** [#95].

Dated June 4, 2009, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge