# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Date: May 7, 2010

Courtroom Deputy: Nel Steffens
Court Reporter: Suzanne Claar
Interpreters: Tatiana Contreras and Ellen Klaver
Probation Officer: Lisa Pence

---

**Criminal Action No.  03-cr-00614-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | M.J. Menendez |
| | Susan Knox |
| Plaintiff, | |
| v. | |
| 2.  MIGUEL ARRIOLA, | Joseph Saint-Veltri |
| | David Olivas |
| Defendant. | |

---

## SENTENCING MINUTES

---

**2:45 p.m.      Court in session.**

Appearances of counsel.

Defendant is present in custody.

Interpreters are qualified and sworn.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentences.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty,

- uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1, 1a, 2, and 2a is formally approved;

2. That the pending motions are resolved as follows:

    - the government's response to the Presentence Investigation Report [#175] filed April 12, 2010, is approved and granted insofar as it requests a sentence variance;

    - the defendant's objection to the Presentence Investigation Report [#176] has been resolved according to the foregoing findings, conclusions, and rulings of the court;

    - the defendant's motion for a downward variance [#196] is granted in part, consistent with the foregoing findings and conclusions of the court and the following orders;

    - the **Government's Motion for Defendant To Receive the Third Level for Acceptance of Responsibility Under U.S.S.G. §3E1.1(b)** [#199] filed May 7, 2010, is **GRANTED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Counts One, Two, and Three of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **240 months** on

3

each of Counts One, Two, and Three, which sentences shall be imposed and served concurrently;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five years** on each of Counts One, Two, and Three, to be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

        - that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

7. That the defendant shall pay a fine of $250,000.00, U.S.;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $300.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That the defendant is remanded to the custody of the United States Marshal who shall transport the defendant as soon as practicable and with all deliberate speed to the Bureau of Prisons there to be received and kept in the manner prescribed by law and consistent with the orders of this court; and

12. That the court recommends that the Bureau of Prisons place the defendant in a Federal Correctional institution in the state of Texas, in or near El Paso, Texas.

The Defendant waives formal advisement of appeal.

**4:00 p.m.     Court in recess.**

Total time in court:  01:15

Hearing concluded.